IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JESUS YANEZ-ZUNIGA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 315-001 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons ("BOP") to credit eighteen days to his sentence that he spent in official detention from March 31, 2008 through April 17, 2008. (Doc. no. 1, pp. 1, 3.) In his response to the Court's order to show cause, Respondent asserts that upon auditing Petitioner's sentence computation, BOP officials credited Petitioner's sentence with the eighteen days requested, and therefore the petition is moot. (See doc. no. 9.) Petitioner has not responded to Respondent's filing or otherwise alerted the Court that he has not already been provided the relief sought in his petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

**I.    DISCUSSION**

Petitioner is "an illegal alien who has been deported twice from the United States." (Doc. no. 1, p. 1.) After his second deportation, Petitioner again returned to the United States, where,

on March 31, 2008, federal agents arrested Petitioner on immigration and drug trafficking charges. (Id.) Immigration officials maintained custody of Petitioner from the date of his arrest on March 31st for these charges until the United States Marshal took custody of Petitioner on April 17, 2008. (Id. at 2.)

Petitioner eventually pleaded guilty in the United States District Court for the Western District of Michigan to one count of Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a), and one count of Conspiracy to Distribute more than 100 Kilograms of Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B)(vii). (Doc. no. 9, Ex. A, Attach. 2, p. 1.) United States Chief District Judge Paul L. Maloney sentenced Petitioner to a total term of ninety-seven months of imprisonment, four years of supervised release, and a $200.00 special assessment. (Id. at 1-3, 5-6.)

After exhausting his administrative remedies, Petitioner filed this habeas corpus petition seeking credit on his sentence for the eighteen days that immigration officials detained him on criminal charges from March 31, 2008 through April 17, 2008. Upon investigation after entry of the Court's order to show cause, the BOP credited Petitioner's federal sentence with the eighteen days requested, and Petitioner's sentence computation was updated accordingly. (Doc. no. 9, Ex. A, ¶¶ 7, 8 & Attach. 3.)

As a result, the instant matter is moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the

case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Id.

Here, the record confirms that as of January 28, 2015, the relief Petitioner sought when he filed this petition has been granted. (Doc. no. 9, Ex. A.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA